1 xTHIBODEAUX, Judge,
dissenting.
Incredibly, the majority finds no manifest error in the hearing officer’s determination that Ms. Malbrew did not sustain a physical injury. The majority apparently refuses to recognize or acknowledge the existence of a stipulation in the record which acknowledges a physical injury. A stipulation is the highest form of proof that exists. What more could the majority want?
The crux of this case is whether the plaintiff proved by clear and convincing evidence the existence of a mental injury which flowed from a physical injury. The majority erroneously says that this issue is rendered moot because of the lack of a physical injury. This error is then made even more egregious by the majority’s expression that a physical injury has to be shown by clear and convincing-evidence. That is incorrect. A claimant has to prove such an injury only by a ^preponderance of the evidence. The mental injury, the condition for which compensation is sought, is subject to proof under the clear and convincing standard under La.R.S. 23:1021(7)(c).
Both parties stipulated at trial that Ms. Malbrew had an accident at work on March *262 7, 1994 and that as a consequence she received compensation payments from March 14, 1994 through January 25, 1995, and again from July 13, 1995 through October 5, 1995. An accident is defined as “an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.” La.R.S. 23:1021(1). (emphasis supplied). By stipulating to the occurrence of an accident, both parties also, by definition, stipulated that there are objective findings of an injury.' An injury is defined as that resulting from violence to the physical structure of the body. La.R.S. 23:1021(7)(a). Dr. Tassin and Dr. Anders examined Ms. Malbrew and both found that she had a lumbar injury as a result of her accident at work.
It is true that a court of appeal cannot overturn the factual findings of the trial court unless the findings are clearly wrong or manifestly erroneous. Rosell v. ESCO, 549 So.2d 840 (La.1989). In this case, the hearing officer found that Ms. Malbrew did not suffer a physical injury despite testimony of the examining physicians and a stipulation to the contrary. Although Ms. Malbrew was no longer physically injured at the time of the hearing, she did in fact suffer an injury to which both parties stipulated as a result of an accident arising out of the course of her employment.
|8Ms. Malbrew argues that she is entitled to compensation from her employer because her physical injury, which was the result of an accident during the course of her employment, induced a psychological injury. She feels as though this physically-induced mental injury prevents her return to gainful employment. The hearing officer questioned the existence of a physical injury and did not find a resulting mental injury.
An employer pays workers’ compensation benefits to his employee when the employee suffers a personal injury by an accident arising out of or in the course of his employment. La.R.S. 23:1031. “A mental injury or illness caused by a physical injury to the employee’s body shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensa-ble pursuant to this Chapter unless it is demonstrated by clear and convincing evidence.” La.R.S. 23:1021(7)(c). Under La. R.S. 23:1021(7)(c), the plaintiff must prove the existence of a mental injury that resulted from a physical injury and a causal link between the physical and mental injury. Charles v. South Central Industries, 96-0883 (La.11/25/96); 683 So.2d 706; Bernard v. O’Leary Brothers Signs, Inc., 606 So.2d 1331 (La.App. 3 Cir.1992). A matter is proven by clear and convincing evidence when the existence of the disputed fact is much more probable than not. Puselier v. International Maintenance Corp., 94-792 (La.App. 3 Cir. 2/1/95); 649 So.2d 1197.
Ms. Malbrew suffered physical injuries as a result of an accident which occurred during the course of her employment. Although she is no longer disabled from those physical injuries, there is evidence sufficient to support a finding that she is currently suffering from a resulting mental injury. All of the physicians who. examined Ms. Malbrew and who were asked about possible mental injuries stated that |4they suspected that her self-described symptoms were derived from some form of psychological overlay. Specifically, Dr. Steve Rees explained his conclusions on August 15,1995:
I can say that there was some things on physical exam which were concerning to me, but also was concerning to me was one of my initial recommendations was that we deal with her emotional and psychological involvement in this whole problem and just saying it’s only a physical problem, but deal with that, other parts of the problem that are there and that was never done.
Dr. Kevin Gorin stated in September, 1995 that psychological problems were preventing Ms. Malbrew’s healing process and that “this is a woman who, from my examination and time I spent with her on July 31, displays the criteria of learned pain behavior and who believes she is fully disabled from everything.” These two physicians concluded that Ms. Malbrew displayed the behavior of many other patients they have had in the past who were suffering from a psychological issue *263 which interfered with their ability to believe that they were physically well. Dr. F.T. Friedberg, the only psychologist who examined Ms. Malbrew, determined that Ms. Mal-brew suffered from significant emotional overlay manifested in chronic pain syndrome and chronic depression affecting physical conditions.
The hearing officer suggested that even if a physical injury and a mental injury could be determined, the mental injury was not caused by the physical injury. Yet, after examining Ms. Malbrew’s chart of her personal, physical and psychological history, Dr. Gorin found that Ms. Malbrew’s on-the-job injury was more probable than not the triggering event of her mental injury. Dr. Rees, in describing what caused Ms. Malbrew’s psychological injury, stated in his deposition testimony that “... from what I have been able to gather that [the physical injury resulting from the fall from the chair] seemed to be the initial incident from which everything else hasjjjsprung.” Finally, Dr. Fried-berg’s testimony as to the cause of Ms. Mal-brew’s psychological injury is as follows:
Question: Doctor, in a quick follow-up to that, from the history you took from Ms. Malbrew and what you just told us, the root cause, as you characterize it, of this problem, from all you can tell, is the accident that she sustained at work?
Answer: Yes. That’s what I was saying, from my impression, is the accident at work because, before that time, she apparently was doing okay.
The conclusions of the psychologist, along with the medical doctors, all state that the mental injury was the result of the injuries Ms. Malbrew sustained from an accident at work.
The hearing officer was manifestly erroneous in her findings that Ms. Malbrew did not sustain a mental injury that was caused by a physical injury to her body. A thorough review of the objective evidence in the record supports a finding of an existence of a mental injury. The record also supports that this mental injury was the result of a physical injury Ms. Malbrew sustained during the course of her employment.
Even if the mental injury is determined to be a personal injury, the injury will not be compensable unless it is diagnosed by a licensed psychiatrist or psychologist and the diagnosis of the condition meets the. criteria established in the American Psychiatric Association’s Diagnostic and Statistical Manual of Mental Disorders. La.R.S. 23:1021(7)(d). Dr. Friedberg, a licensed clinical psychologist, found that Ms. Malbrew suffers from a psychological overlay manifested in her chronic difficulties, stress intolerance, and chronic depression which has affected her ability to cope with whatever physical conditions that may exist.
IsAlthough the Diagnostic and Statistical Manual of Mental Disorders (DSM-IV) was not included in the record, our court can take judicial notice of it and the contents thereof because its accuracy cannot reasonably be disputed. La.Code Evid. art. 201(B)(2). The criteria for a mental disorder due to a general medical condition according to the DSM-IV are the following:
(1) There is evidence from the history, physical examination, or laboratory findings that the disturbance is the direct physiological consequence of a general medical condition.
(2) The disturbance is not better accounted for by another mental disorder.
(3) The disturbance does not occur exclusively during the course of a delirium.
Diagnostic & Statistical Manual of Mental Disorders, pp. 166-168, American Psychiatric Association (4th ed. 1994). Dr. Friedberg’s diagnosis meets the above listed criteria. Ms. Malbrew suffered a physical injury after falling from her stool onto the concrete floor at her place of employment. All of her examining physicians who were asked about a causal relationship between her physical and mental injuries stated that her mental injury was brought on by her previous physical condition. Dr. Friedberg did not find that Ms. Malbrew suffered from any other mental disorder, nor did he find that she was delusional when describing her pains. This mental injury was compensable as it satisfies the requirements under La.R.S. 23:1021(7)(d).
Dr. Friedberg was the only psychologist or psychiatrist to testify. While other medical *264 specialists treated Ms. Malbrew and offered insights into her condition, they did not possess training in the required specialities; therefore, “their recommendations are not relevant to establishing by clear and convincing evidence [Ms. Malbrew’s] claimed mental injury.” Charles v. South Central Industries, 683 So.2d at 710. (emphasis supplied). (Although the majority cites Charles, it does not |7discuss the impact of Charles ’ reasoning in this case). Dr. Friedberg felt there were psychological factors interfering with Ms. Malbrew’s healing process and were exacerbating her perceptions of her physical problems.
Although Dr. Friedberg indicated that there may be some jobs which she could do from a psychological standpoint, he did not think they existed at Martin Mills. Ms. Mal-brew was definitely disabled, he felt, from
“working in an area where there is speed concentration phenomena. Now, I don’t know what other kinds of jobs are available. But, in terms of the kind of work that she’s doing, I really think that it’s very manual oriented and concentration oriented.”
No other jobs were identified for or made available to Ms. Malbrew. Because of her depressed status and lack of concentration, she would not be able to perform her duties at Martin Mills, according to Dr. Friedberg. A careful review of Dr. Friedberg’s testimony, the only relevant testimony in this case under Charles v. South Central Industries, convinces me that Ms. Malbrew is temporarily totally disabled.
For the foregoing reasons, I respectfully dissent.